IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY R. CORDREY, # N-81774, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-108-MJR |
| | ) |
| RICHARD HARRINGTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 2), filed along with his complaint on January 31, 2014.

### I. Motion for Leave to Proceed IFP (Doc. 2)

Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id.* Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

In this case, Plaintiff has tendered an affidavit of indigence, along with records of his inmate trust fund account showing that he has a negative balance of over $3,700.00 because of numerous legal postage and copying charges advanced to him by the prison. The motion and affidavit are sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Review of documents filed in the electronic docket of this Court, and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses the following actions brought by Plaintiff during his imprisonment seeking redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Cordrey v. Washington, et al.*, Case No. 96-cv-2780 (N.D. Ill., dismissed December 15, 1997); *Cordrey v. Washington, et al.*, Case No. 97-cv-50091 (N.D. Ill., dismissed April 2, 1997); *Cordrey v. Edgar, et al.*, Case No. 98-cv-1389 (C.D. Ill., December 6, 1999); *Cordrey, et al. v. Snyder, et al.*, Case No. 99-cv-4458 (N.D. Ill., dismissed July 27, 1999); *Cordrey v. Amdor, et al.*, Case No. 00-cv-1137 (C.D. Ill., dismissed June 6, 2000); *Cordrey v. Snyder, et al.*, Case No. 03-500 (S.D. Ill., dismissed February 28, 2005); and *Cordrey v. Walker, et al.*, Case No. 05-cv-395 (S.D. Ill., dismissed December 15, 2006).

Plaintiff has accumulated well over three "strikes" for purposes of § 1915(g). He thus may not proceed IFP in any newly-filed case unless he is under imminent danger of serious physical injury. After he incurred the most recent "strike" listed above (*Cordrey v. Walker, et al.*, Case No. 05-cv-395 (S.D. Ill.)), Plaintiff filed four additional actions in this Court: *Cordrey v. Hulick, et al.*, Case No. 07-cv-870-JPG; *Cordrey v. Rednour, et al.*, Case No. 10-cv-848-MJR; *Cordrey v. Atchison, et al.*, Case No. 13-cv-104-JPG; and *Cordrey v. Harrington, et al.*, Case

No. 13-cv-1267-MJR. In each of these cases, he asserted that he faced serious and imminent physical danger, but each time, the Court found that his claims did not meet that standard and denied him leave to proceed IFP. When Plaintiff failed to pre-pay the filing fee, each of these cases was dismissed.

Notably, when instructed in the instant complaint to list his previous lawsuits, Plaintiff listed only his most recent action (*Cordrey v. Harrington, et al.*, Case No. 13-cv-1267-MJR), and omitted any mention of his numerous prior cases. This failure alone, as the Court's form complaint warns, is grounds for dismissal of the instant action. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal of suit is appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). Out of an abundance of caution, however, the Court shall review the complaint in light of § 1915(g).

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In his complaint, Plaintiff recites some of the facts he alleged in Case No. 13-cv-

1257, in which he claimed he was in imminent danger of an assault from his mentally ill cellmate, David Miller (Doc. 1, p. 5). As it turned out, *Plaintiff* was found guilty of assaulting Miller on December 15, 2013, after admitting that he struck Miller in the head with his fist multiple times (Doc. 1, p. 12). Plaintiff is serving three months in disciplinary segregation for that infraction.

Following his assault on Miller, Plaintiff was briefly housed in a single cell, but then was moved to several different double cells. He had no objections to being housed with white cellmates (Plaintiff is white), but when he was placed on January 15, 2014, with a Black cellmate (Adkins), he began to complain of perceived danger (Doc. 1, p. 5). Plaintiff had been injured at the hands of Black inmates at Stateville Correctional Center in 1995 and at Pontiac Correctional Center in 2009. He asserts that because of those incidents, unnamed investigators at Pontiac "stipulated" that Plaintiff should be housed only with white cellmates during his time at Menard (Doc. 1, p. 6).

Adkins allegedly threatened Plaintiff with bodily harm, so Plaintiff asked Defendant Smith to move either Adkins or himself "before someone is hurt" (Doc. 1, p. 6). Plaintiff filed an emergency grievance to the Warden (Defendant Harrington) on January 25, 2014, and declared a hunger strike either that day or the next day (Doc. 1, p. 6). Plaintiff was informed on January 24 and 29 that his request was under consideration. On January 30, Adkins threatened Plaintiff again, and Adkins made his own request to Defendant Smith for Plaintiff to be moved. Soon thereafter, Defendant Smith reported that Defendants Shurtz and Menrich were looking at moving either Plaintiff or Adkins. *Id.* Without waiting for any further response, Plaintiff filed the instant suit on January 31, 2014.[2] As relief, he seeks an injunction requiring

---

[2] Plaintiff signed the complaint on January 31, and it was scanned and electronically transmitted to this Court that same day (Doc. 1, pp. 1, 7).

Defendants to keep him in a single cell, transfer him back to Pontiac, and requests compensatory and punitive damages (Doc. 1, p. 7).

On February 10, 2014, Plaintiff submitted several documents as exhibits to his complaint (Doc. 5). These include copies of his emergency grievances filed over Adkins' threats on January 27 and 30, 2014 (Doc. 5, pp. 9-10; 12-13), both of which were accepted for expedited handling. The response to the first grievance states that Adkins had been moved to a different cell as of January 29, 2014 (Doc. 5, p. 8). Plaintiff was further advised that he may request protective custody when he is released from segregation.

On February 19, 2014, Plaintiff filed an affidavit stating that his cellmate Adkins had been moved out of the cell "upon or [the] next day after" this case was filed (Doc. 7, p. 1). Despite this significant change, Plaintiff did not seek to withdraw this suit. A different cellmate was placed with Plaintiff briefly, but he too was moved. Plaintiff complains that his current cell has unspecified plumbing problems, and that the light had burned out. None of these facts indicate that Plaintiff currently faces any serious or immediate physical danger.

Based on this documentation, it is clear that Plaintiff is not under any imminent danger from Adkins, who is no longer his cellmate. Indeed, according to the response to his first "emergency" grievance (Doc. 5, p. 8), Plaintiff's claim of danger from Adkins had become moot as of January 29, which is two days before Plaintiff signed and filed his complaint via electronic transmission with this Court. There is a discrepancy between this date (January 29) and the dates Plaintiff describes (Adkins requesting a move on January 30 (Doc. 1, p. 6), and Plaintiff's admission that Adkins was moved on January 31 or the next day). Regardless of which day Adkins was actually moved, these facts show that any "imminent danger of serious physical injury" Plaintiff may have faced had been removed either before his complaint was filed, or at

the latest, the very next day. It is also clear that Plaintiff brought this action prematurely, before allowing prison officials to act on his grievances in the first instance, let alone pursuing those grievances to exhaustion.

To summarize, Plaintiff has failed to show that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g), thus he cannot proceed IFP in this case. Moreover, his claims do not survive review under 28 U.S.C. § 1915A.

## II. Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Applying these standards to the complaint, Plaintiff's substantive claims must fail.

The gist of Plaintiff's complaint is that the Defendants were deliberately indifferent to a serious threat to his safety, after he requested that he be separated from his cellmate Adkins. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). In order for a prisoner-plaintiff to recover damages against prison officials who failed to protect him from an attack by a fellow prisoner, the defendants must have known about a substantial risk of an attack, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Injunctive relief may also be an appropriate remedy for a prisoner who has received a credible threat of attack by another inmate. *Farmer*, 511 U.S. at 850-51.

With the removal of Adkins, Plaintiff's request for injunctive relief to protect his

safety has become moot. Further, he has no constitutional right to be housed in a single cell or to be transferred to the prison of his choice. "States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). The same holds true for the placement of an inmate in a particular cell or location within an institution. *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

The allegations in the original complaint show that, far from being deliberately indifferent to Plaintiff's warnings that Adkins had threatened to harm him, the Defendants gave due consideration to Plaintiff's request for a move. Plaintiff's later filings confirmed that action was promptly taken to separate Plaintiff from Adkins, and Plaintiff was never harmed by him. Based on these facts, Plaintiff cannot sustain an Eighth Amendment claim for deliberate indifference. Accordingly, this action shall be dismissed on the merits pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

### III. Show Cause Order

Plaintiff's extensive litigation history demonstrates that he has been a frequent litigator, and has incurred substantial unpaid filing fees by filing new cases in this Court despite having "struck out" long ago. After amassing five strikes in other district courts in this state, Plaintiff filed six more cases in this Court prior to bringing the instant action. The first two of those cases resulted in additional strikes.[3] In the other four cases, Plaintiff's allegations of "imminent danger" were determined to be unfounded, leave to proceed IFP was denied, and the

---

[3] *Cordrey v. Snyder, et al.*, Case No. 03-500 (Plaintiff paid the $150.00 district court filing fee for this case); and *Cordrey v. Walker, et al.*, Case No. 05-cv-395 (Plaintiff was initially granted IFP status based on his allegations of imminent danger, but the suit was ultimately dismissed for lack of merit. He made a small initial payment toward the $250.00 filing fee and has a balance due of $241.32.).

cases were dismissed for failure to pre-pay the filing fee.[4] In addition, Plaintiff filed appeals in four cases, each time incurring an appellate filing/docketing fee.[5] Plaintiff's unpaid district court and appellate filing fees incurred for these prior cases (all payable to this Court) currently total $3,311.26. In addition, he is now obligated to pay another $400.00 for the instant case, bringing his grand total to $3,711.26.

The courts of this circuit will not allow struck-out prisoners to repeatedly file new lawsuits and appeals seeking pauper status where no imminent danger of serious physical injury is present. *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.").

Accordingly, Plaintiff shall be ordered to show cause why he should not be barred from filing any further actions in this Court until such time as he pays in full the outstanding filing fees he owes the Court as described herein.

### IV. Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed IFP in

---

[4] *Cordrey v. Hulick, et al.*, Case No. 07-cv-870 ($350.00 filing fee); *Cordrey v. Rednour, et al.*, Case No. 10-cv-848 ($350.00 filing fee); *Cordrey v. Atchison, et al.*, Case No. 13-cv-104 ($350.00 filing fee); and *Cordrey v. Harrington, et al.*, Case No. 13-cv-1267 ($400.00 filing fee).

[5] *Cordrey v. Snyder, et al.*, Case No. 03-500 ($255.00 appellate filing fee); *Cordrey v. Walker, et al.*, Case No. 05-cv-395 ($455.00 appellate filing fee; balance due is $454.94 after small initial payment); *Cordrey v. Hulick, et al.*, Case No. 07-cv-870 ($455.00 appellate filing fee); and *Cordrey v. Rednour, et al.*, Case No. 10-cv-848 ($455.00 appellate filing fee).

this case (Doc. 2) is **DENIED**.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **thirty-five (35) days** of the date of entry of this Order (on or before **April 1, 2014**).  *See Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).  If timely payment is not made, an order will issue to collect this filing fee from Plaintiff's inmate trust fund account pursuant to 28 U.S.C. § 1915(b).

Plaintiff is **FURTHER ORDERED TO SHOW CAUSE** why this Court should not restrict him from filing any new actions in this Court until such time as Plaintiff pays the outstanding $3,311.26 owed for his previously filed actions in full, in addition to the $400.00 filing fee for this action.  Tender by Plaintiff of the full **$3,711.26** in outstanding fees for these actions to the Clerk of the Court on or before April 1, 2014, shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order.  If Plaintiff does not pay the full sum or otherwise respond by this deadline to show cause why a filing ban should not be imposed, a filing ban order shall be entered against Plaintiff.  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  All other pending motions are **DENIED AS MOOT.**  Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED:  February 25, 2014**

s/ MICHAEL J. REAGAN
United States District Judge